IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ESTATE OF LATEEF J. DOTSON, THROUGH DIANE C. DOUGLAS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 24-748-JLH |
| DAIMLER TRUCK NORTH AMERICA LLC, and JOHN DOES 1–20, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Daimler Truck North America LLC's ("Daimler's") Motion to Transfer Venue Under 28 U.S.C. § 1404. (D.I. 9, 10, 14, 17.) Plaintiff opposes Daimler's motion, and Plaintiff also asks the Court to remand the action to state court.[1] For the reasons set forth below, Plaintiff's request for a remand is DENIED, and Daimler's motion to transfer is GRANTED.

1.  Plaintiff argues that the case should be remanded back to state court pursuant to 28 U.S.C. § 1447 because the Court lacks subject matter jurisdiction. I disagree. Section 1441(a)(1) of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a)(1). This Court has original jurisdiction, as there is

---

[1] Plaintiff's "request" to remand to state court does not comply with Delaware Local Rule 7.1.2, which requires all requests for relief to be presented to the Court by motion.

no dispute that the amount in controversy exceeds $75,000, and the uncontroverted evidence of record establishes that the named defendants are diverse.  (D.I. 1-1; D.I. 17-1.)  *See* 28 U.S.C. § 1332(a).  Plaintiff contends that the John Does named as defendants defeat complete diversity, but 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of [Title 28], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Plaintiff also appears to contend that removal was inappropriate under 28 U.S.C. § 1446(b)(2)(A), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  But the record does not reflect service on any defendant except Daimler.  Accordingly, the Court declines Plaintiff's request to remand.

        2.       Turning to Daimler's motion to transfer, 28 U.S.C. § 1404(a) provides (in pertinent part) that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  In evaluating a motion to transfer, the Court must first determine whether the case could have been brought in the district to which the movant wishes to transfer.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  If so, the Court then considers the non-exclusive list of twelve factors set forth in *Jumara* in determining whether to transfer.  Six of those interests are private in nature:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted).  The other six are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). Factor [1] is usually given "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (explaining that the plaintiff's choice of venue "should not be lightly disturbed" (citations omitted)).

3. This action could have been brought in the District of New Jersey, which is where the truck accident underlying this lawsuit took place, and where two personal injury cases arising from that accident are already pending.

4, The *Jumara* factors weigh in favor of transfer. Factor [1] weighs against transfer. But factors [2] and [3] weigh strongly in favor of transfer, as events giving rise to the claim happened in New Jersey, there are two related actions pending there, and Defendant prefers to litigate there. Factor [4] weighs only very slightly against transfer, as two related cases filed by Plaintiff (and counsel) are presently pending in the Trenton Vicinage of the District of New Jersey, which is less than 65 miles from the Delaware courthouse. Factors [5], [6], [7], [9], [11], and [12] are neutral. Factors [8] and [10] favor transfer, particularly since other cases arising from the same New Jersey accident and seeking the same damages are pending in New Jersey. Having considered the relevant factors, the Court will exercise its discretion to transfer this matter to the District of New Jersey.

5.	The Clerk of Court shall transfer this action to the United States District Court for the District of New Jersey, Trenton Vicinage, where the following two actions are presently pending: No. 3-24-cv-255-ZNQ-TJB (D.N.J.), 3-24-cv-3996-ZNQ-TJB (D.N.J.).

Dated: February 6, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE